IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DIANE H. PALMER and** | : | CIVIL ACTION |
| **LAWRENCE F. PALMER,** | : | |
|    Plaintiffs, | : | |
| | : | |
| v. | : | NO.   24-1599 |
| | : | |
| **SELECTIVE INSURANCE** | : | |
| **COMPANY, INC.,** | : | |
|    Defendant. | : | |

<u>**MEMORANDUM**</u>

**MURPHY, J.**                                                                                                          **December 16, 2024**

      This case involves a dispute under the National Flood Insurance Program.  Plaintiffs Diane Palmer and Lawrence Palmer purchased a Standard Flood Insurance Policy from defendant Selective Insurance Company for their property in Valley Forge, Pennsylvania.  In 2021, Hurricane Ida caused significant flooding on the property.  The Palmers filed an insurance claim, which Selective partially denied. The Palmers, proceeding *pro se*, now claim that Selective's denial constituted breach of contract and a violation of NFIP-related duties.  Selective moves to dismiss the complaint under Rule 12(b)(6) as time-barred.  We agree with Selective and dismiss the Palmers' complaint.

**I.**        **FACTUAL ALLEGATIONS**

      The Palmers filed a complaint against Selective on April 23, 2024.  DI 2.  Because this is a motion to dismiss, we accept the factual allegations in the complaint as true.  *See Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021).

      Selective is a "Write Your Own" program participant that insures homes with Standard Flood Insurance Policies (SFIPs) in accordance with the National Flood Insurance Program

(NFIP).  DI 2 at 3.  The Palmers purchased a SFIP from Selective to protect their colonial-era home in Valley Forge, Pennsylvania.  *Id.*  On September 1, 2021, Hurricane Ida caused "catastrophic damage" to the property.  *Id.*  The Palmers filed a proof of loss with Selective.  *Id.*  An adjuster from All Seasons Adjusting, Inc. assessed their claim.  *Id.*  "Over a span of several years," the Palmers provided "any and all requested documents in support of [their] loss."  *Id.*  "Eventually, Selective determined that some of [their] claims were due to prior damage and . . . issued a partial denial of [their] claim."  *Id.*

By letter dated December 14, 2021, Selective advised the Palmers that "we must deny any items that were not repaired or replaced from the prior loss.  Items such as windows, base cabinetry, tile flooring, wood flooring, paneling, etc must be denied."[1]  DI 9-3 at 2.  The letter referred the Palmers to "Section VII. (General Conditions) of your Policy" and included a document from the Federal Emergency Management Agency (FEMA) titled "Policyholder Rights."  *Id.* at 2-4.  In a letter dated April 23, 2023, Selective referred the Palmers to "our letter dated December 14, 2021 regarding damages that were not repaired from the prior flood losses."  DI 9-4 at 2.  The 2023 letter advised that "our original denial of December 14, 2021 remains in effect."  *Id.*

The Palmers appealed the denial to FEMA.  DI 2 at 3.  On April 23, 2024, they filed this action in federal court.  DI 1. The Palmers claim that because they "complied with all NFIP requirements related to [their] claim" and "dutifully paid [their] premiums," Selective's

---

[1] Selective filed the 2021 and 2023 letters as attachments to its motion to dismiss.  *See* DI 9-3; DI 9-4.  The Palmers did not include the letters with their complaint.  DI 4.  As explained below, we consider the denial letters when assessing the motion to dismiss because the Palmers' claims are based on Selective's denial of coverage.

2

unjustified denial constitutes a breach of contract and a violation of its NFIP-related duties.  DI 2 at 3.  They seek financial damages in the amount of $118,720.18.  *Id.* at 4.

## II.     SELECTIVE'S MOTION TO DISMISS

Selective moves to dismiss the complaint under Rule 12(b)(6) because it is barred by the SFIP's one-year statute of limitations.  DI 9-2.  Selective attaches to its motion the 2021 letter, DI 9-3, and the 2023 letter, DI 9-4.  It argues that the Palmers' failure to bring the lawsuit within one year of the date of the 2021 letter — December 14, 2021 — warrants dismissal of their claim.  DI 9-2 at 11-12.

The Palmers respond that the 2021 letter did not comply with FEMA requirements and thus was not a denial letter.  DI 10 at 2.  According to the Palmers, "the statute of limitations is not over because it never began to run."  *Id.* at 3.  The Palmers attach to their response FEMA Bulletin W-17013a, DI 10 at 5-7, and the FEMA Appeal Decision dated November 21, 2023, *id.* at 9-14.  Selective replies that the text of the 2021 letter, as well as FEMA's decision, demonstrate that the letter was a legally sufficient denial.  DI 11 at 3-4.

## III.    STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).  At this stage in the litigation, "we accept as true all factual allegations in the complaint and view those facts in the light most favorable to the non-moving party."  *Klotz*, 991 F.3d at 462.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice*.*"  *Iqbal*, 556 U.S. at 678.  Because the Palmers

are proceeding *pro se*, we construe their allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

The Third Circuit "permit[s] a limitation defense to be raised by a motion under Rule 12(b)(6) 'only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002)). In other words, the statute of limitations bar must be apparent "on the face of the complaint." *Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978); *Robinson*, 313 F.3d at 135.

Courts have interpreted the "face of the complaint" to mean the documents a court can properly consider when deciding a motion to dismiss. *See Schmidt*, 770 F.3d at 240 ("We now turn to whether, based only on the documents properly considered at the motion to dismiss stage . . . Schmidt's claims should have been dismissed on statute of limitations grounds."); *see Houser v. Feldman*, 600 F. Supp. 3d 550, 563 (E.D. Pa. 2022) (defining the "face of the complaint"). Such documents generally include "only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Bur. Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). However, courts may also consider "a document *integral to or explicitly relied* upon in the complaint . . . without converting the motion [to dismiss] into one for summary judgement." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted); *see White*, 998 F.2d at 1196 (allowing consideration of an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document"). The rationale behind this exception is that "the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated '[w]here

4

plaintiff has actual notice . . . and has relied upon these documents in framing the complaint.'" *Burlington* 114 F.3d at 1426 (quoting *Watterson v. Page*, 987 F.2d 1, 4 (1st Cir. 1993)).

The Palmers' claims are "based on" the 2021 and 2023 letters, and thus we will consider the letters in evaluating the motion. *White*, 998 F.2d at 1196; *see* DI 9-3; DI 9-4. The Palmers explicitly rely on the 2023 letter in their complaint where they allege that Selective partially denied their claim on "April 27, 2023" — the same date as the April 2023 letter. DI 2 at 3; DI 9-4 at 2; *see Burlington Coat*, 114 F. 3d at 1426. Though the Palmers do not reference the 2021 letter in their complaint, their claims center on Selective's "unjustified denial of coverage" for flooding damage that occurred on September 1, 2021. DI 2 at 3. Selective's 2021 letter denying coverage for this damage is therefore integral to their claim. *See Burlington Coat*, 114 F.3d at 1426 ("[W]hat is critical is whether the claims in the complaint are "based" on an extrinsic document and not merely whether the extrinsic document was explicitly cited."). The Palmers do not question the authenticity of either letter in their response to the motion to dismiss.[2] Because they received the letters and used Selective's denial as the basis for their lawsuit, any notice concerns are minimal. *Id*.

Other courts in this circuit have similarly considered denial letters in SFIP cases. *See Brusco v. Harleysville Ins. Co.*, No. 14-914, 2014 WL 2916716, at *5 (D.N.J. June 26, 2024) (reviewing a WYO defendant's denial letter attached to a motion to dismiss the complaint as time-barred because plaintiff's allegations "implicitly incorporate[d]" the letter); *Malik v. American Banks Ins. Co. of Fl.*, No. 2:23-cv-16240, 2024 WL 1635687, at *2 n.4 (D.N.J. Apr. 16, 2024) (considering a WYO defendant's denial letter because the plaintiff did not dispute its

---

[2] Both letters list the plaintiffs' names, the Valley Forge address listed on the complaint, and the date of loss alleged in the complaint. *See* DI 9-3 at 2; DI 9-4 at 2.

authenticity).[3]  To conclude otherwise would allow the Palmers to "survive a motion to dismiss simply by failing to attach a dispositive document on which [their claim] relied."  *White*, 998 F.2d at 1192.

## IV.  DISCUSSION

Once we consider the 2021 and 2023 letters, it is clear that the Palmers' complaint is time-barred.  The NFIP is "an unusual hybrid of government and private insurance" in which WYO carriers, such as a Selective, act as "fiscal agents" of the United States to issue SFIPs.  *Migliaro v. Fidelity Nat'l Indem. Ins. Co.*, 880 F.3d 660, 662 (3d Cir. 2018); *see* 42 U.S.C. § 4071(a)(1).  When Congress created the NFIP, it gave policyholders a limited private right of action to challenge the denial of a claim in federal court.  42 U.S.C. § 4072.  Every SFIP specifies that "[i]f you do sue, you must start the suit *within 1 year after the date of the written denial of all or part of the claim*, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of the loss."  44 C.F.R. pt. 61, app. A(1), art VII(O) (emphasis added).[4]  The National Flood Insurance Act similarly requires

---

[3] Though it does not factor as heavily into our decision, we can also consider the November 21, 2023 FEMA decision, which the Palmers attached to their response to the motion to dismiss.  DI 10 at 10.  The Palmers explicitly reference the FEMA decision in their complaint, alleging, to support their claim of "unjustified denial of coverage," that "FEMA concurred with Selective's denial in part, disagreed in part, and also determined that Selective had failed to sufficiently deny a majority of the losses claimed."  DI 2 at 3.  There is no notice concern because the Palmers, not Selective, submitted the FEMA decision to the court.  *See Professional Dog Breeders Advisory Council, Inc. v. Wolff*, 752 F. Supp. 2d 575, 582-83 (E.D. Pa. 2010) ("[T]he issue of notice . . . is not present because Plaintiffs are responsible for attaching documents to their Response . . . ."); *Brown v. Daniels*, 128 F. App'x 910, 913 (3d Cir. 2005) (affirming district court's reliance on documents that plaintiff attached to their response to a motion to dismiss).

[4] "Because SFIP claims are ultimately paid by the United States government, all SFIPs must be identical to the form codified at 44 C.F.R. pt. 61, app. A(1)."  *Migliaro*, 880 F.3d at 662.

that lawsuits against FEMA administrators be filed "within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator." 42 U.S.C. § 4072.

Selective's 2021 letter constituted a partial denial that triggered the SFIP's statute of limitations. To determine whether a letter is a partial written denial, courts closely examine the letter's content. *See, e.g.*, *Brusco*, 2014 WL 2916716, at *6 (finding that a letter "denying all non-covered items located in the basement," and referring to the letter as a "decision to deny your claim," constituted a partial written denial, despite its enclosed partial payment); *Cohen v. Allstate Ins. Co.*, No. H-17-2484, 2018 WL 1144761, at *7 (S.D. Tex. Mar. 2, 2018) (finding that a letter "deny[ing] coverage for various items that you are claiming pending documentation of replacement," and informing plaintiff of their right to appeal "within 60 days of this denial letter," was an express denial), aff'd 924 F.3d 776 (5th Cir. 2019); *McInnis v. Liberty Mutual Fire Ins. Co.*, No. 22-30022, 2022 WL 4594609, at *3 (5th Cir. 2022) (finding that a letter informing plaintiff that certain items "were not able to be included in your claim," that defendant was "deny[ing] coverage" for those items, and that plaintiff had a right to appeal, was a partial denial).

Here, the 2021 letter did not, as the Palmers argue, only "vaguely suggest[] that some of the claim may be denied." DI 10 at 2. The 2021 letter explicitly stated that Selective "*must deny* any items that were not repaired or replaced from the prior loss." DI 9-3 at 2 (emphasis added). It stated that "[i]tems such as windows, base cabinetry, tile flooring, wood flooring, paneling, etc *must be denied.*" *Id.* (emphasis added). In the final paragraph, it provided: "If you do not agree with Selective's *decision to deny your claim*, whether in whole or in part, please refer to FEMA's NFIP Summary of Policyholder Rights attached to this letter." *Id.* at 3 (emphasis added). The Policyholder Rights document attached to the letter informed the Palmers of their right to file an

7

appeal with FEMA "within 60 days of the insurer's denial letter" or a federal lawsuit "within one year of when your insurer first denied all or part of your claim." DI 9-3 at 4. Selective's 2023 letter, which we also consider, only underlines that the Palmers' claim was denied in 2021. In it, Selective "refer[ed] [the Palmers] to our letter dated December 14, 2021" and stated that "our original denial of December 14, 2021 remains in effect." DI 9-4 at 2.

The Palmers argue that the 2021 letter is not a sufficient denial letter because it failed to comply with FEMA requirements. DI 10 at 2-3. FEMA's October 2021 NFIP Claims Manual provided that "in all denial letters, the insurer must include":

1. The date of the denial letter . . . .
2. The name(s) of the policyholder(s), the mailing address, and the loss location. . . .
3. The date of loss. . . .
4. The date(s) the policyholder submitted a request for payment. . . .
5. The item(s) denied with the corresponding dollar amount denied, whenever applicable. . . .
6. A plain-language explanation for the non-payment or non-coverage. . . .
7. Citations to the relevant sections of the SFIP and a web link to the SFIP.

Fed. Emergency Mgmt. Agency, National Flood Insurance Program Claims Manual 317-18 (Oct. 2021).[5] The Palmers contend that the 2021 letter "does not include specific items that have been denied, nor does [it] include the plain language explanation for why they have been denied." DI 10 at 2.

---

[5] In their response, the Palmers cite and attach FEMA Bulletin W-17013a, not the FEMA 2021 Claims Manual. *See* DI 10 at 2, 5; Fed. Emergency Mgmt. Agency, W-17013a, Denial Letter Requirements (Supersedes WYO Bulletin W-17013) (Oct. 16, 2017). The 2021 manual incorporated the denial letter requirements of Bulletin W-17013a in nearly identical terms. *See* Fed. Emergency Mgmt. Agency, National Flood Insurance Program Claims Manual 317 (Oct. 2021). The current FEMA Claims Manual, published in June 2023, contains the same requirements. *See* Fed. Emergency Mgmt. Agency, National Flood Insurance Program Claims Manual 72-73 (June 2023).

The Third Circuit has stated that the "FEMA Claims Manual . . . is incorporated by reference into the FEMA regulations." *Suopys v. Omaha Property & Gas*, 404 F.3d 805, 811 (3d Cir. 2005).  Yet we need not decide whether denial letters must comply with the manual to trigger the statute of limitations because we disagree with the Palmers that the 2021 letter failed to comply with requirements (5) and (6) above.[6]  In contrast to the Palmers' assertion, the 2021 letter identified the items denied as "[i]tems such as windows, base cabinetry, tile flooring, wood flooring, paneling, etc."  DI 9-3 at 2.  It included a plain-language reason for denial in that it plainly stated that Selective "must deny any items that were not repaired or replaced from the prior loss."  *Id.*  The 2021 letter constituted a partial denial of the Palmers' claim.[7]

The fact that the Palmers continued to "provide[] any and all requested documents" to Selective after receiving the 2021 letter does not alter our conclusion.  *See Lionheart Holding GRP v. Phila Contribution Ship Ins. Co.*, 368 F. App'x 282, 284-85 (3d Cir. 2010) (holding that a June 2005 partial denial letter triggered the statute of limitations even though the parties continued to engage in a "lengthy . . . investigation and adjustment process" for claims related to

---

[6] The Palmers fail to cite any authority for the proposition that a letter must comply with the manual's requirements to trigger the SFIP statute of limitations.  At least one recent decision in this circuit addresses the adequacy of a denial letter without reference to the manual.  *See Malik*, 2024 WL 1635687, at *4-5.  Though the Palmers quote the "strict adherence" language in *Suopys*, this quote requires additional context.  DI 10 at 2. In *Suopys*, the Third Circuit held that "strict adherence to SFIP proof of loss provisions, including the 60-day period of providing proof of loss, is a prerequisite to recovery under the SFIP."  404 F.3d at 810.

[7] The Palmers rely on the FEMA appeal decision to argue that the 2021 letter was vague and failed to comply with FEMA's rules.  DI 10 at 3.  Yet nowhere in the decision did FEMA "agree[] the denial letter was too vague and did not comply with the rules."  DI 10 at 3.  In the decision, FEMA stated that certain items were not eligible for appellate review because the items "are not related to the denial and were not denied in writing by the insurer."  DI 10 at 13.  FEMA did not deny appellate review because, as the Palmers contend, the "purported denial letter was so insufficient that even FEMA couldn't understand what, if anything, was denied."  *Id.* at 3.

the same flooding event); *Malik*, 2024 WL 1635687, at *4 (finding that a November 2021 letter constituted a partial denial, and "Plaintiff's argument that a subsequent denial of Plaintiff's claim starts the tolling of the statute of limitations is unavailing."); *Cohen v. Allstate Ins. Co.*, 924 F.3d 776, 782 (5th Cir. 2019) ("That Allstate continued to process Cohen's claim does not change this conclusion [that the claim is time-barred].").

Because a suit against a WYO carrier is the "functional equivalent" of a suit against FEMA, "we must narrowly construe *when* a policyholder may bring suit." *Migliaro*, 880 F.3d at 667. The SFIP's one-year statute of limitations began to run on December 14, 2021. The Palmers did not file this lawsuit until April 23, 2024 — over two years after the statute of limitations expired. Though we are sympathetic to the challenges of navigating the NFIP as *pro se* litigants, the Palmers' complaint is time-barred.

## V.     CONCLUSION

For the foregoing reasons, we grant Selective's motion to dismiss. Because the Palmers' claims are time-barred, we determine that leave to amend would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The complaint is dismissed with prejudice.